TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Lee W. Stremba, Esq.
Brett Goodman, Esq.
Telephone: (212) 704-6000

*Attorneys for the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| WATERSCAPE RESORT LLC | Case No. 11-11593 (SMB) |
| Debtor. | |
| PAVARINI MCGOVERN, LLC, | |
| Plaintiff, | Adv. Proc. No. 11-02248 (SMB) |
| -against- | |
| WATERSCAPE RESORT LLC, et al., | |
| Defendants. | |

## ANSWER TO COMPLAINT

Defendant Waterscape Resort LLC (the "Debtor" or "Waterscape"), by its undersigned

counsel, in answer to the complaint of Pavarini McGovern, LLC ("Pavarini") herein (the

"Complaint"), alleges as follows:

1.      Admits the allegations of paragraph 1.

2.      Paragraph 2 is not an allegation and therefore does not require a response.

3.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, except admits that Pavarini has filed a proof of claim in the Case and refers to said proof of claim for the full contents thereof.

4.      Denies the allegations of paragraph 4 except admits that Pavarini purports to bring this action as a class action.

5.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Admits the allegations of paragraph 7.

8.      Denies the allegations of paragraph 8 except admits that 45 Inmex Corp., Catmex 45, Corporation and Gemstone 45 LLC are members of the Debtor and that Gemstone 45 LLC and  Salim Assa reside or have a principal place of business in New York County, New York.

9.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     Paragraph 12 states a legal conclusion as to which no response is required.

13.     Paragraph 13 states a legal conclusion as to which no response is required.

14.     Paragraph 14 states a legal conclusion as to which no response is required.

15.     Paragraph 15 states a legal conclusion as to which no response is required.

16.    Denies the allegations of paragraph 16 except admits that Pavarini purports to bring this action as a class action.

17.    Denies the allegations of paragraph 17.

18.    Paragraph 18 is not an allegation and therefore no response is required.

19.    Denies the allegations of paragraph 19.

20.    Denies the allegations of paragraph 20.

21.    Paragraph 21 is not an allegation and states a legal conclusion as to which no response is required.

22.    Denies the allegations of paragraph 22.

23.    Admits the allegations of paragraph 23.

24.    Denies the allegations of paragraph 24, except admits that in or about June 2007 the Debtor entered into loan agreements with US Bank National Association ("US Bank") and USB Capital Resources, Inc. ("USB") and refers to the extensive documentation thereof for their full contents, terms and conditions, and admits that US Bank and USB have filed proofs of claim in the Case and refers to said proofs of claims for the full contents thereof.

25.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.    Denies the allegations of paragraph 26, except admits that on or about June 28, 2007, the Debtor and Pavarini entered into a certain Construction Management Agreement ("CMA") and refers to said agreement for its full terms and conditions.

27.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.    Denies the allegations of paragraph 29 except admits that the Debtor is or was the owner of the real property at 66-70 West 45th Street, New York, New York, Block 1260, Lot 68, 69 and 169 and remains the owner of individual Lots 1101-1119, 1122-1142 and 1144-1155 and admits that that the CMA relates to construction services to be performed with respect to said real property.

30.    Denies the allegations of paragraph 30 except admits that Pavarini submitted payment applications to the Debtor, which applications contained demands for payment, and refers to said applications for the full contents thereof.

31.    Denies the allegations of paragraph 31.

32.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.    Denies the allegations of paragraph 33 except admits that US Bank did from time to time advance funds for payment to Pavarini, that Debtor paid such funds to Pavarini, and that such funds constituted trust funds.

34.    Denies the allegations of paragraph 34.

35.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.    Denies the allegations of paragraph 36.

37.    Denies the allegations of paragraph 37.

38.    Denies the allegations of paragraph 38.

39.    Denies the allegations of paragraph 39.

40.    Denies the allegations of paragraph 40.

41.    Denies the allegations of paragraph 41

42.    Denies the allegations of paragraph 42.

43.    Denies the allegations of paragraph 43 except admits that the Debtor obtained an Acquisition Loan and Project Loan from US Bank, which were secured by mortgages and assignments of rents, and refers to the extensive documentation of the said loans, mortgages and assignments of rents for the full contents, terms and conditions thereof.

44.    Paragraph 44 states a legal conclusion as to which no response is required.

45.    Paragraph 45 states a legal conclusion as to which no response is required.

46.    Denies the allegations of paragraph 46 except admits that proceeds of sales of residential condominiums owned by the Debtor and proceeds of the Debtor's hotel property would constitute trust funds to the extent of any valid trust fund claims, and further avers that the Debtor has agreed in sections 4.1(b) and 5.3 of its confirmed Second Amended Plan of Reorganization to treat proceeds from the sale of its hotel property as trust funds by creating a cash Trust Fund Reserve Account in the amount of $11 million from the proceeds of the sale of the Debtor's hotel.

47.    Denies the allegations of paragraph 47 except admits that the extensive documentation of the Acquisition Loan and Project Loan includes assignments of rents and refers to said documentation for their full contents, terms and conditions thereof.

48.    Denies the allegations of paragraph 48

49.    Denies the allegations of paragraph 49.

50.     Denies the allegations of paragraph 50 except admits that on or about September 21, 2010 Pavarini served a demand upon the Debtor and refers to said demand for the full contents thereof.

51.     Denies the allegations of paragraph 51 except admits that the Debtor did not respond to Pavarini's demand within the time originally demanded by Pavarini.

52.     Denies the allegations of paragraph 52 except admits that Pavarini filed an application in the New York Supreme Court, New York County, Index No. 113504/2010 and refers to said application and the proceedings in sais matter for the full contents thereof.

53.     Denies the allegations of paragraph 53 except admits that and Order and Judgment dated January 7, 201 was issued in the state court and refers thereto for the full contents thereof.

54.     Denies the allegations of paragraph 54 except admits that on or about February 4, 2011, Pavarini filed an application in the state court and refers thereto for the full contents thereof.

55.     Denies the allegations of paragraph 55 except admits that on or about February 28, 2011, the state court issued an order and refers to said order for its full contents.

56.     Denies the allegations of paragraph 56.

57.     Denies the allegations of paragraph 57 except admits that on or about March 1, 2011, Pavarini made a demand upon the Debtor and refers to said demand for the contents thereof.

58.     Denies the allegations of paragraph 58.

59.     Lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 59.

60.    Denies the allegations of paragraph 60

61.    Admits the allegations of paragraph 61.

62.    Repeat and reallege the responses to paragraphs 1 through 61.

63.    Denies the allegations of paragraph 63.

64.    Denies the allegations of paragraph 64 except admits that various claims asserted by Pavarini or the purported class members remain unresolved.

65.    Denies the allegations of paragraph 65, and further aver that the allegations and claims for relief asserted in the Complaint have been mooted by the Debtor's Second Amended Plan of Reorganization which was confirmed by the Bankruptcy Court by order issued July 21, 2011.

66.    Paragraph 66 is not an allegation and therefore requires no response.

67.    Repeat and reallege the responses to paragraphs 1 through 66.

68.    Denies the allegations of paragraph 68.

69.    Denies the allegations of paragraph 69.

70.    Denies the allegations of paragraph 70.

71.    Denies the allegations of paragraph 71.

72.    Denies the allegations of paragraph 72.

73.    Denies the allegations of paragraph 73.

74.    Denies the allegations of paragraph 74.

75.    Denies the allegations of paragraph 75.

76.    Denies the allegations of paragraph 76.

77.    Denies the allegations of paragraph 77.

78.    Denies the allegations of paragraph 78.

79.     Paragraph 79 states a legal conclusion as to which no response is required.

80.     Denies the allegations of paragraph 80.

81.     Repeat and reallege the responses to paragraphs 1 through 80.

82.     Denies the allegations of paragraph 82.

83.     Denies the allegations of paragraph 83.

84.     Denies the allegations of paragraph 84.

85-108.    Paragraphs 85 through 108 are not alleged against the Debtor and therefore do not require a response.

### As a First Affirmative Defense

109.    The Complaint and each cause of action thereof should be dismissed, in whole or part, because of a failure to state facts sufficient to constitute a cause of action and a failure to state a claim upon which relief may be granted

### As a Second Affirmative Defense

110.    The Complaint and each cause of action thereof have been mooted by the terms of the Debtor's confirmed Second Amended Plan of Reorganization (the "Plan"), pursuant to which an $11 million cash Trust Fund Reserve Account is to be established, for the benefit of Pavarini and other trust fund claimants, from the proceeds of the Debtor's sale of its hotel pursuant to the Plan.

### As a Third Affirmative Defense

111.    The Complaint and each cause of action thereof fail to state a cause of action and are barred by reason of Pavarini's own wrongful conduct which has caused damages to the Debtor far in excess of the amounts claimed by Pavarini in its Complaint. In October of 2010, Pavarini initiated a proceeding in the New York Supreme Court (the "Supreme Court") against

Waterscape for full disclosure of trust funds. The proceeding is captioned *Pavarini McGovern,*

*LLC, Petitioner for an Order Directing Respondent [Waterscape Resort LLC] to Provide*

*Petitioner with a Verified Statement Pursuant to N.Y. Lien Law Section 76* (Sup. Ct. NY, Index

No. 113504/10). In response to that action, Waterscape has produced everything the Supreme

Court has ordered, including an initial Verified Statement, an Amended Verified Statement,

dated February 24, 2011 and, the last item the Supreme Court ordered, a Supplemental Amended

Verified Statement, dated March 14, 2011. Between the time that Waterscape provided its

Supplemental Amended Verified Statement and the date that Waterscape commenced its Chapter

11 Case (April 5, 2011), Pavarini did not seek any further disclosure.

112.    Despite providing a complete and detailed accounting of the sources and uses of

trust funds, and despite having complied with all the Supreme Court orders and directives

relating to disclosure of trust funds, Pavarini continues to make unsubstantiated and spurious

accusations before this Court as to the Debtor's use of trust funds. All $85,157,163.64 of trust

funds received by Waterscape have been duly accounted for, including the $4.46 million

Pavarini alleges in its Complaint. In fact, valid construction expenses were paid with those funds

as fully documented in the verified statements produced for the Supreme Court.

113.    By making allegations of trust fund misuse against the Debtor, Pavarini is

essentially applying the adage that the best defense is a good offense. What Pavarini is

defending against are allegations that Pavarini falsely or fraudulently took $200,000 in trust

funds from Waterscape that were specifically earmarked for the payment of insurance premiums,

but did not obtain the required insurance. Subguard insurance is an insurance policy that pays

for the costs of subcontractor defaults. The policy enables the prime contractor to terminate or

"default" the subcontractor for deficient, incomplete, non-conforming, untimely or non-

complying work and recover the costs of default under the insurance policy. Pavarini was the "at-risk" Construction Manager of Waterscape's hotel/condominium project, and 160 Broadway Concrete Corp. ("Broadway Concrete") was a major multi-million dollar subcontractor of Pavarini, and Pavarini was to obtain this Subguard insurance coverage for Broadway Concrete.

114.    Unfortunately, Pavarini wrongfully charged and collected from Waterscape approximately $200,000 of trust funds for premiums for Subguard Insurance covering the work of Broadway Concrete – without ever having obtained the coverage. From September, 2007 through May, 2009, Pavarini took the premiums and never procured the insurance, nor did it tell Waterscape that such insurance had not been procured during that time. Pavarini's misuse of trust funds and its deception of Waterscape is currently the subject matter of a fraud action commenced by Waterscape against Pavarini entitled *Waterscape Resort LLC v. Eric McGovern and William Frederick* (Sup.Ct. NY, Index No. 652123/2010) and is also an important issue in a breach-of-contract action commenced by Waterscape against Pavarini entitled *Waterscape Resort LLC v. Pavarini McGovern, LLC* (Sup. Ct. NY, Index No. 652035/2010).

115.    Waterscape paid Pavarini from trust funds for Pavarini to obtain Subguard coverage for the work to be done by Broadway Concrete, and thus Waterscape was entitled to the benefit of the insurance that it paid for. Just as clearly, Waterscape was denied the coverage and protection it paid for by the unauthorized and unlawful actions of Pavarini in not having the coverage paid for and in deceiving Owner as to the existence of the coverage. In that regard, over a two (2) year period Pavarini repeatedly misrepresented to Waterscape the existence of Subguard coverage in sworn requisitions, from Req. #04 in Sept. of 2007 until Req. #25 in June of 2009. Under Section 11.1.3.3 of the parties' CMA, and by law, Pavarini is responsible for the

recoupment of trust funds and the costs that would have been covered if the insurance was in place.

116.    However, since the work of Broadway Concrete was not covered by a Subguard policy, and since Pavarini's failure to obtain such insurance and misuse of trust funds would have come to light, Pavarini would not place Broadway Concrete in default, even though it was indisputably responsible for some 140 days of delay and should have been defaulted.  Since Pavarini would not place Broadway Concrete in default, Broadway Concrete wrongfully continued on the job causing some two (2) years of additional delays and causing Waterscape to incur damages amounting to almost $30 million dollars.  Pavarini is culpable for the damages suffered by Waterscape due to Pavarini's failure to obtain the required Subguard insurance, its deception of Waterscape, and its failure and refusal to default Broadway Concrete.

117.    Over the course of the period of almost two (2) years during which Pavarini misused trust funds earmarked for Subguard insurance, Waterscape tried time and again to obtain information and copies of the required policy from Pavarini.   Pavarini stonewalled the Debtor to avoid disclosing its failure to obtain the required insurance.  Pavarini eventually did refund the amount it had either falsely or fraudulently taken from Waterscape, therefore admitting its wrongful conduct, but by that time, Waterscape had already suffered the damages that Waterscape seeks to recover from Pavarini in Waterscape's the two pending Supreme Court actions referenced above against the entity and its officers.

118.    In addition to its diversion of trust funds earmarked for Subguard insurance, Pavarini has also wrongfully converted $450,000 of imprest funds from Waterscape.  Waterscape made available to Pavarini $450,000 to establish an imprest checking account pursuant to the CMA, which expressly provided in Section 12.3.5: "All expenditures from the Imprest

Account…shall be allocated each month among the trade payment line items to which they relate… and shall be itemized in a manner which is consistent with the line item breakdowns received by the Lender." "Construction Manager promptly shall return to Owner all funds remaining in the Imprest Account upon Final Completion or sooner, if appropriate."

119.    By Notice dated November 24, 2010, Waterscape demanded an accounting and the funds from Pavarini.  To date, Pavarini has failed to give an adequate accounting of the imprest funds and has failed to return the $450,000.  Pavarini's misuse and failure to account for the imprest funds is one of the claims raised in Waterscape's pending New York Supreme Court actions against Pavarini as identified above.

120.    As indicated above, Waterscape asserts in its state court actions against Pavarini that Pavarini is liable for damages to Waterscape in amounts which far exceed the amounts of trust funds Pavarini alleges are unaccounted for.  As alleged in those actions, Pavarini has missed every single Milestone Date for completion of work and owes Waterscape $450,000 in liquidated damages alone.  Pavarini's deficient, incomplete and non-compliant work has resulted in tens of millions of dollars of damages to Waterscape, forcing Waterscape to terminate Pavarini as Construction Manager for default by delivering a Notice of Termination, dated Sept. 27, 2010. Just one construction report by Waterscape documents over 117 major defective work items. Moreover, Pavarini's negligent supervision and failure to coordinate its subcontractors, and its own misuse of trust funds, are the subject of several pending suits, including *International Exterior Fabricators, LLC v. Pavarini McGovern, LLC, Eric McGovern, Waterscape Resort LLC, et al.* (Sup. Ct. NY, Index No. 652369/10); *Parkview Plumbing & Heating Inc. v. Pavarini McGovern LLC, Waterscape Resort LLC, et al.* (Sup. Ct. NY, Index No. 652285/10); KSW Mechanical Services, Inc. v. Pavarini McGovern, LLC, et al. (Sup. Ct. NY, Index No.

652252/10) and *160 Broadway Concrete Corp d/b/a Broadway Concrete v. Pavarini McGovern, LLC et al. (Sup. Ct. NY, Index No. 652280/10).*

### As a Fourth Affirmative Defense

121.    By reason of the acts of Pavarini as alleged in paragraphs 111 through 120 above, together with the wrongful acts alleged in the Waterscape's Supreme Court actions against Pavarini and its principals, the Complaint and each of the causes of action alleged therein are subject to the defenses of setoff or recoupment.

### As a Fifth Affirmative Defense

122.    By reason of the acts of Pavarini as alleged in paragraphs 111 through 120 above, together with the wrongful acts alleged in the Waterscape's Supreme Court actions against Pavarini and its principals, the Complaint and each of the causes of action alleged therein are barred in whole or by the of doctrines of estoppel and *in pari delicto.*

### As a Sixth Affirmative Defense

123.    The Complaint and each cause of action thereof should be dismissed, in whole or part, because the defendants' conduct has been consistent with any legal obligations they may have had toward the Plaintiff.

### As a Seventh Affirmative Defense

124.    The Complaint and each cause of action thereof should be dismissed, in whole or part, because defendants acted in good faith and/or without the requisite wrongful intent.

### As an Eighth Affirmative Defense

125.    Plaintiff is not entitled to equitable relief because Plaintiff has adequate remedies at law.

### As a Ninth Affirmative Defense

13

126.   The Complaint fails to state a claim for attorneys' fees and costs.

## As a Tenth Affirmative Defense

127.   The Complaint and each cause of action thereof should be dismissed, in whole or

part, because the Plaintiff lacks standing to sue on behalf of parties other than itself

## As an Eleventh Affirmative Defense

122.   The Complaint and each cause of action thereof should be dismissed, in whole or

part, for Plaintiff's failure to join one or more necessary parties.


WHEREFORE, the Debtor Defendants demand judgment dismissing the Complaint

together with an award of the costs of the action.


Dated: New York, New York
       August 10, 2011

                                        TROUTMAN SANDERS LLP
                                        *Attorneys for the Debtor*
                                        By:


                                        */s / Lee W. Stremba*
                                        Lee W. Stremba
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        (212) 704-6000

STATE OF NEW YORK      }
                       }        ss.:
COUNTY OF NEW YORK  }

       Harriet E. Cohen, being duly sworn, deposes and says:

       I am not a party to this action, I am over the age of twenty-one years and I reside in New York, New York.

       On September 15, 2011, I served the foregoing upon the persons on the Service List annexed hereto via First Class Mail, postage prepaid by placing true and correct copies of same in a properly addressed wrapper under the exclusive care and custody of the United States Postal Service within the State of New York.  In addition, all parties requesting ECF notice in this case were also served electronically via the Court's ECF system on September 15, 2011.

                                                 /s/ Harriet E. Cohen
                                             Harriet E. Cohen

Sworn to before me this
15th day of September, 2011

   /s/ Anthony Cardillo
     Notary Public

Anthony Cardillo
Notary Public, State of New York
No. 03-486-0234
Qualified in Bronx County
Commission Expires March 18, 2014

## SERVICE LIST


Eric W. Sleeper, Esq.
Barton Barton & Plotkin, LLP
420 Lexington Avenue
New York, New York 10170


Pavarini McGovern LLC
Joel Sciascia, Esq.
770 Broadway, 10th Floor
New York, NY 10003